```
✓   FILED           ___ RECEIVED
___ ENTERED         ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

         AUG 2 2 2019

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1   NICHOLAS A. TRUTANICH
    United States Attorney
2   District of Nevada
    Nevada Bar Number 13644
3   JAMES E. KELLER
    Assistant United States Attorney
4   Nevada Bar Number 10636
    ANDOLYN JOHNSON
5   Assistant United States Attorney
    Nevada Bar Number 14723
6   400 S. Virginia Street, Suite 900
    Reno, NV 89501
7   (775) 784-5438
    James.Keller3@usdoj.gov
8   Andolyn.Johnson@usdoj.gov
    *Representing the United States of America*

9

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No: 3:19-cr-00041-MMD-CBC |
|---|---|
| Plaintiff, | **INDICTMENT CHARGING VIOLATIONS OF:** |
| v. | Distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (Counts 1 and 2); |
| BENJAMIN D. MORROW, | Advertising of child pornography, in violation of 18 U.S.C. §§ 2251(d)(1)(A) and (e) (Count 3); |
| Defendant. | Receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (Count 4); |
| | Possession of child pornography, in violation of 18 U.S.C §§ 2252A(a)(5)(B) and (b)(2) (Counts 5 to 8). |

**THE GRAND JURY CHARGES THAT:**

## COUNT ONE

Distribution of Child Pornography

On or about April 5, 2019, to April 20, 2019, in the State and Federal District of Nevada, and elsewhere,

BENJAMIN D. MORROW,

defendant herein, did knowingly distribute using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, child pornography, as defined in Title 18, United States Code, Section 2256(8), to a person he believed to be R.T., in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT TWO

Distribution of Child Pornography

On or about November 2018 to April 20, 2019, in the State and Federal District of Nevada, and elsewhere,

BENJAMIN D. MORROW,

defendant herein, did knowingly distribute using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, child pornography, as defined in Title 18, United States Code, Section 2256(8), to a person he believed to be D.W., in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT THREE

Advertising of Child Pornography

Beginning on a date unknown and continuing to April 20, 2019, in the State and Federal District of Nevada, and elsewhere,

BENJAMIN D. MORROW,

defendant herein, did knowingly make, print, and publish, and caused to be made, printed, and published, a notice and advertisement seeking or offering to receive, exchange, buy, produce, display, distribute, and reproduce, a visual depiction, that involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct; and such notice and advertisement was transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, in violation of Title 18, United States Code, Sections 2251(d)(1)(A) and (e).

## COUNT FOUR

Receipt of Child Pornography

Beginning on a date unknown and continuing to on or about April 20, 2019, in the State and Federal District of Nevada, and elsewhere,

BENJAMIN D. MORROW,

defendant herein, did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), and material containing child pornography, that had been shipped and transported in and affecting interstate and foreign commerce by a means that included by computer, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

## COUNT FIVE

Possession of Child Pornography

Beginning on a date unknown and continuing to on or about April 20, 2019, in the State and Federal District of Nevada,

BENJAMIN D. MORROW,

defendant herein, did knowingly possess a book, magazine, periodical, film, videotape, computer disk, and other material, namely a Hitachi hard drive bearing serial number YAG7A8XS, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by a means that included by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## COUNT SIX

Possession of Child Pornography

Beginning on a date unknown and continuing to on or about April 20, 2019, in the State and Federal District of Nevada,

BENJAMIN D. MORROW,

defendant herein, did knowingly possess a book, magazine, periodical, film, videotape, computer disk, and other material, namely, a Seagate hard drive, bearing serial number 5QG0814F, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, and that was produced using materials that have been mailed, and shipped and transported in and affecting interstate and foreign commerce by a means that included by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## COUNT SEVEN

Possession of Child Pornography

Beginning on a date unknown and continuing to on or about April 20, 2019, in the State and Federal District of Nevada,

BENJAMIN D. MORROW,

defendant herein, did knowingly possess a book, magazine, periodical, film, videotape, computer disk, and other material, namely, a Hitachi hard drive, bearing serial number YAGYXSMT, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by a means that included by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by a means that included by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## COUNT EIGHT

Possession of Child Pornography

Beginning on a date unknown and continuing to on or about April 20, 2019, in the State and Federal District of Nevada,

BENJAMIN D. MORROW,

defendant herein, did knowingly possess a book, magazine, periodical, film, videotape, computer disk, and other material, namely, a Samsung hard drive, bearing serial number SOVVJIGP500093, that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign

commerce by a means that included by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by a means that included by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

## FORFEITURE ALLEGATION

Distribution of Child Pornography; Advertising of Child Pornography; Receipt of Child Pornography; and Possession of Child Pornography

1. The allegations contained in Counts One through Eight of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

2. Upon conviction of any of the felony offenses charged in Counts One through Eight of this Indictment,

BENJAMIN D. MORROW,

defendant herein, shall forfeit to the United States of America, any visual depiction described in 18 U.S.C. §§ 2251 and 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §§ 2251(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B) and shall forfeit to the United States of America, any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §§ 2251(d)(1)(A), 2252A(a)(2), and 2252A(a)(5)(B) or any property traceable to such property:

1. Apple iPhone with black Spigen case with sim cards;
2. Apple laptop (gray) with charger;
3. Black LG tablet with case;

4.  Hitachi hard drive, with serial number YAG7A8XS;

5.  Seagate hard drive, with serial number 5QGO814F;

6.  Hitachi hard drive, with serial number YAGYXSMT;

7.  LG flip phone (black);

8.  HTC Sprint phone (black);

9.  Samsung hard drive, with serial number SOVVJIGP500093;

10. Apple iPhone with case (black);

11. Apple iPod 80GB (black/silver);

12. Rally2 2GB flash drive (black/silver);

13. IBM Thinkpad, with serial number FX-R9026 (black);

14. Apple Macbook, with serial number 4H649KP2WGL (white);

15. Ridata 16GB flash drive (black);

16. 2 white sim cards;

17. Samsung flip phone (black);

18. Dell Latitude E4200 laptop;

19. Apple iPad with case (black);

20. HP computer tower, with serial number MXX850026B;

21. HP flash drive 8GB;

22. Apple iPod with charger (black);

23. Apple iPod with charger (gray);

24. GoPro Hero 4 (gray);

25. Lexar SD card 4 GB (black); and

26. TMCC flash drive (black).

/ / /

All pursuant to 18 U.S.C. §§ 2251(d)(1)(A), 2252A(a)(2), 2252A(a)(5)(B), 2253(a)(1), and 2253(a)(3).

DATED: this 2² day of August, 2019.

A TRUE BILL:

/S/

FOREPERSON OF THE GRAND JURY

NICHOLAS A. TRUTANICH
United States Attorney

JAMES E. KELLER
ANDOLYN JOHNSON
Assistant United States Attorneys