CHRISTOPHER CHIOU
Acting United States Attorney
Nevada Bar No. 14853
ANDOLYN JOHNSON
Assistant United States Attorney
Nevada Bar No. 14723
400 South Virginia, Suite 900
Reno, Nevada 89501
Phone: (775) 784-5438
Andolyn.johnson@usdoj.gov

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:19-CR-0041-MMD-CLB |
| Plaintiff, | |
| v. | **Binding Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) and (a)(2) for Defendant Benjamin D. Morrow** |
| BENJAMIN D. MORROW, | |
| Defendant. | |

This plea agreement between Benjamin D. Morrow ("defendant") and the United States

Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

regarding the criminal charges referenced herein and the applicable sentences, and fines,

restitution, and forfeiture in the above-captioned case. **This is a binding plea agreement**

**pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and (a)(2).** The government and

defendant agree that the offense level to which the parties stipulate is correct and that a sentence

of 180 months' imprisonment and lifetime supervised release is appropriate in this case. If the

district court accepts the plea agreement, it will be obligated to accept the parties' stipulated

offense level and impose that agreed-upon sentence. This agreement binds only defendant, the

USAO, and the district court, and does not bind the U.S. Probation Office, or any other federal,

state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including civil forfeiture *in rem,* directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to Counts One and Two of the indictment in this case, which charge defendant with distribution of child pornography, in violation of 18 U.S.C. 2255A(a)(2) and (b)(1) (Counts One and Two);

b. Stipulate to the facts agreed to in this agreement;

c. Abide by all agreements regarding sentencing contained in this agreement;

d. Not seek to withdraw defendant's guilty plea once it is entered unless the district court later does not accept the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5);

e. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f. Not commit any federal, state, or local crime;

g. Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h. Before and after sentencing, upon request by the district court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn

statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within three (3) weeks from entry of the plea. Defendant agrees that the district court may enter any order necessary to effectuate or facilitate disclosure of defendant's financial information.

i.      To facilitate payment of any fine, forfeiture, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the district court.

j.      Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

k.      The USAO and defendant stipulate and agree that the child pornography images received, distributed, or possessed by defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by other caused certain victims to be re-victimized and has resulted

in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of defendant. In consequence of these factors, if the USAO meets its burden under 18 U.S.C. Section 2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), defendant agrees to pay restitution in the amount of $3,000 per victim, for any victim who may be identified through the Child Victim Identification Program (CVIP) or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing. Defendant agrees to pay this amount without requiring the USAO to disaggregate the loss attributed to the original sexual abuse or to other persons who disseminated, received, or possessed the child pornography images, from defendant's actions in this case.

2.    The defendant knowingly and voluntarily:

a.    Agrees to the district court imposing the civil judicial forfeiture or the criminal forfeiture of:

> Apple iPhone with black Spigen case with sim cards;
> Apple laptop (gray) with charger;
> Black LG tablet with case;
> Hitachi hard drive, with serial number YAG7A8XS;
> Seagate hard drive, with serial number 5QGO814F;
> Hitachi hard drive, with serial number YAGYXSMT;
> LG flip phone (black);
> HTC Sprint phone (black);
> Samsung hard drive, with serial number SOVVJIGP500093;
> Apple iPhone with case (black);
> Apple iPod 80GB (black/silver);
> Rally2 2GB flash drive (black/silver);
> IBM Thinkpad, with serial number FX-R9026 (black);
> Apple Macbook, with serial number 4H649KP2WGL (white);
> Ridata 16GB flash drive (black);
> 2 white sim cards;
> Samsung flip phone (black);
> Dell Latitude E4200 laptop;
> Apple iPad with case (black);
> HP computer tower, with serial number MXX850026B;
> HP flash drive 8GB;
> Apple iPod with charger (black);
> Apple iPod with charger (gray);
> GoPro Hero 4 (gray);

4

Lexar SD card 4 GB (black); and
TMCC flash drive (black).

(all of which constitutes property);

b.      Agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property;

c.      Abandons or forfeits the property to the United States;

d.      Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

e.      Waives defendant's right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings of the property (proceedings);

f.      Waives service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case;

g.      Waives any further notice to defendant, defendant's agents, or defendant's attorney regarding the abandonment or the forfeiture and disposition of the property;

h.      Agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property; agrees not to contest, or to assist any other person or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, or other documents in any proceedings;

i.      Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court failing to announce the forfeiture at sentencing, and all constitutional requirements, including but not

1    limited to, the constitutional due process requirements of any proceedings concerning the

2    property;

3        j.  Waives defendant's right to a jury trial on the forfeiture of the property;

4        k.  Waives all constitutional, legal, and equitable defenses to the forfeiture or

5    abandonment of the property in any proceedings, including, but not limited to, (1) constitutional

6    or statutory double jeopardy defenses and (2) defenses under the Excessive Fines or Cruel and

7    Unusual Punishments Clauses of the Eighth Amendment to the United States Constitution;

8        l.  Agrees to the entry of an Order of Forfeiture of the property to the United

9    States;

10        m.  Waives the right to appeal any Order of Forfeiture;

11        n.  Agrees the property is forfeited to the United States;

12        o.  Agrees and understands the abandonment, the civil administrative

13    forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be

14    treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other

15    penalty the Court may impose upon defendant in addition to the abandonment or the forfeiture;

16        p.  Agrees and understands the USAO may amend the forfeiture order at any

17    time to add subsequently located property or substitute property pursuant to Fed. R. Crim. P.

18    32.2(b)(2)(C) and 32.2(e);

19        q.  Acknowledges that the amount of the forfeiture may differ from, and may

20    be significantly greater than or less than, the amount of restitution; and

21        r.  Agrees to take all steps as requested by the USAO to pass clear title of the

22    property to the United States and to testify truthfully in any judicial forfeiture proceedings.

23    Defendant understands and agrees that the property represents proceeds and/or facilitating

24    property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and

complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all of assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant directly to third parties, since June 5, 2019, including the location of the assets and the identity of any third party.

## II. THE USAO'S OBLIGATIONS

3.      The USAO agrees to:

      a.      Stipulate to facts agreed to in this agreement;

      b.      Abide by all agreements regarding sentencing contained in this agreement;

      c.      At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1;

      d.      At sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that the district court may consider any dismissed charges in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed;

      e.      Not bring any additional charges against defendant arising out of the investigation in the District of Nevada, the District of Minnesota or the District of New Jersey which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations

chargeable under 18 U.S.C. § 371); (c) any crime involving the sexual abuse of a minor as defined by 18 U.S.C. §§ 2241 to 2248; and (d) any crime involving the production of child pornography as defined by 18 U.S.C. §§ 2251(a)-(c).

### III. ELEMENTS OF THE OFFENSES

1.    <u>Counts One and Two</u>: The elements of Distribution of Child Pornography under 18 U.S.C. §§ 2252A(a)(2) and (b)(1) are as follows:

<u>First:</u>    Defendant knowingly distributed a visual depiction of sexually explicit conduct;

<u>Second:</u>    (a) the production involved the use of a minor; (b) a computer image was that of a minor, or indistinguishable from that of a minor; or (c) a computer image was created, adapted, or modified to appear that an identifiable minor;

<u>Third:</u>    the depiction was shipped/transported/mailed using or affecting interstate commerce by any means, including by computer; and

<u>Fourth:</u>    Defendant knew that such items contained child pornography as defined in element 2.

### IV. CONSEQUENCES OF CONVICTION

2.    <u>Maximum and Minimum Statutory Penalties</u>:

a.    Defendant understands that the statutory maximum sentence the district court can impose for each violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) as charged in Count One and Two, is: 20 years imprisonment; lifetime supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $100. Defendant further understands that, each violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) carries a statutory minimum sentence of 5 years imprisonment.

b.      Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 40 years imprisonment; lifetime supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

c.      Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

d.      Defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et. seq., defendant must register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where defendant resides; (2) where defendant is an employee; and (3) where defendant is a student. Defendant understands that he must comply with all the registration requirements contained in SORNA. 34 U.S.C. § 20901 et. seq. Defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where defendant is or will be an employee or a student.

e.      Defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

3.     <u>Parole Abolished</u>: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

4.     <u>Supervised Release</u>: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offenses that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5.     <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence. However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

6.     <u>Potential Collateral Consequences of Conviction</u>: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

7.    <u>Potential Removal/Deportation Consequences of Conviction</u>: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## V. FACTUAL BASIS

8.    Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offenses. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offenses. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

On or about April 2019, the defendant Benjamin D. Morrow knowingly distributed multiple images of child pornography from Nevada to a person he believed to be R.T. in Ohio. He subsequently sent 8 more images of child pornography to the person he believed to be R.T. in Ohio. The defendant distributed the child pornography using a means of interstate commerce, in and affecting interstate commerce, by using encrypted messaging applications on his computer

1  or electronic devices. The defendant knew the images involved the use of a minor in sexually

2  explicit conduct.

3      On or about November 2018 to April 2019, the defendant Benjamin D. Morrow

4  distributed child pornography from Nevada to a person he believed to be D.W. located in

5  Minnesota. The defendant distributed the child pornography using a means of interstate

6  commerce, in and affecting interstate commerce, by using encrypted messaging applications on

7  his computer or electronic devices. The defendant knew the images involved the use of a minor

8  in sexually explicit conduct.

9      During the commission of these crimes, the defendant used numerous online aliases and

10  email addresses through foreign email service providers (hereinafter "Foreign ESP"), including

11  but not limited to John C, Johnny, John, Mark Davis, Jayc, Jayd, adventurejohn, jay, jccramer,

12  Bill Cramer, j0hncc, markdavis@[Foreign ESP], johnnycramer@[Foreign ESP],

13  johnnny@[Foreign ESP], johncramer@[Foreign ESP], jjcramer@[Foreign ESP], jayy@[Foreign

14  ESP], jayd@[Foreign ESP], jayc@[Foreign ESP], cramerj@[Foreign ESP], and

15  billcramer@[Foreign ESP] to distribute unsolicited child pornography to recipients. He used

16  encrypted applications to conceal his identity and avoid detection by law enforcement, including

17  but not limited to Kik, Tutanota, Telegram, and other Foreign ESPs. Using these various aliases

18  and applications, the defendant knowingly distributed child pornography to known and

19  unknown recipients located in Tennessee, Florida, Illinois, New Jersey, Maryland, North

20  Carolina, Georgia, and Texas. A search warrant of a Foreign ESP confirmed that the defendant

21  distributed child pornography to at least approximately 182 recipients.

22      The images and videos distributed by defendant depict prepubescent minors and children

23  under 12 years old. The images and videos distributed by defendant depict masochistic and

24  sadistic material.

On or about April 20, 2019, law enforcement executed a search warrant on the defendant's residence and seized several electronic devices, as identified below. The defendant was the sole owner and possessor of the devices seized, and he knew these devices contained child pornography. The devices seized from the defendant contain approximately 119,371 images of child pornography and 4,945 videos of child pornography.

The defendant knowingly and voluntarily agrees to the forfeiture of the following devices and admits these devices were used or intended to be used in the commission of the crimes for which he is pleading guilty:

Apple iPhone with black Spigen case with sim cards;
Apple laptop (gray) with charger;
Black LG tablet with case;
Hitachi hard drive, with serial number YAG7A8XS;
Seagate hard drive, with serial number 5QGO814F;
Hitachi hard drive, with serial number YAGYXSMT;
LG flip phone (black);
HTC Sprint phone (black);
Samsung hard drive, with serial number SOVVJIGP500093;
Apple iPhone with case (black);
Apple iPod 80GB (black/silver);
Rally2 2GB flash drive (black/silver);
IBM Thinkpad, with serial number FX-R9026 (black);
Apple Macbook, with serial number 4H649KP2WGL (white);
Ridata 16GB flash drive (black);
2 white sim cards;
Samsung flip phone (black);
Dell Latitude E4200 laptop;
Apple iPad with case (black);
HP computer tower, with serial number MXX850026B;
HP flash drive 8GB;
Apple iPod with charger (black);
Apple iPod with charger (gray);
GoPro Hero 4 (gray);
Lexar SD card 4 GB (black); and
TMCC flash drive (black).

## VI. SENTENCING FACTORS

9.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable

sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), however, if the district court accepts this plea agreement, it will be obligated to follow the parties' stipulated offense level and impose the agreed-upon sentence of 180 months' imprisonment, lifetime supervised released, and restitution of $3,000 per victim.

10.    Offense Level Calculations: The parties stipulate to the following calculation of defendant's offense level under the sentencing guidelines; agree that these stipulations will bind the district court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) if it accepts this plea agreement; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

| | |
|---|---|
| Base Offense Level [USSG § 2G2.2(a)(2)]: | 22 |
| Material Involved Prepubescent Minor [USSG § 2G2.2(b)(2)]: | +2 |
| Knowingly Engaged in Distribution [USSG § 2G2.2(b)(3)(F)]: | +2 |
| Depicts Sadistic or Masochistic Conduct [USSG § 2G2.2(b)(4)]: | +4 |
| Use of a Computer [USSG § 2G2.2(b)(6)]: | +2 |
| 600 or More Images [USSG § 2G2.2(b)(7)(D)]: | +5 |

///

14

Acceptance of Responsibility (USSG § 3E1.1)                              -2

Adjusted Offense Level:                                35

11.     Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the district court, Pretrial Services, or the Probation Office; (e) denies involvement in the offenses or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offenses; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Defendant agrees and acknowledges that the USAO will not move for an additional one-level downward adjustment for acceptance of responsibility before sentencing USSG § 3E1.1(b), because defendant did not communicate defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

12.     Criminal History Category. Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

13.     Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court

regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty plea.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

14.    **This is a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).** The parties will jointly recommend that the district court sentence defendant to a 180-month term of imprisonment. In the event that a sentence of 180 months is outside defendant's sentencing guidelines range as determined by the district court, the parties will jointly request a variance to 180 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 180 months is a reasonable sentence. The parties understand and the defendant acknowledges that, if the district court accepts this binding plea agreement, this

recommended 180-month sentence will be binding on the district court pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C). Either party may withdraw from this Plea Agreement in the event that the district court informs the parties that it rejects this binding Plea Agreement. *See* Fed. R. Crim. P. 11(c)(1)(5).

15.    If the district court rejects this binding Plea Agreement, defendant is advised that (a) the district court is not required to follow the plea agreement; (b) both defendant and the USAO have the opportunity to withdraw from the plea; and (c) if the plea is not withdrawn, the district court may dispose of the case less favorably toward defendant than the plea agreement contemplated, pursuant to Fed. R. Crim. P. 11(c)(1)(5)(A)-(C). Defendant acknowledges, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court does not have to follow the recommendation of either party.

16.    Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

17.    If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, Defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

18.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty;

b.    The right to a speedy and public trial by jury;

c.    The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.    The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.    The right to confront and cross-examine witnesses against defendant;

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.    The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF APPELLATE RIGHTS

19.    <u>Waiver of Appellate Rights</u>. Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed at or below the 180-month sentence contemplated by this binding plea agreement; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) subject solely to the exception listed in the next paragraph, the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statute of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

20.    Defendant reserves only the right to appeal the district court's denial of Motion to Suppress Evidence by Benjamin D. Morrow, ECF No. 92.

18

21.     <u>Waiver of Post-Conviction Rights</u>. Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

22.     <u>Preservation of Evidence</u>: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTIONS

23.     <u>Consequence of withdrawal of guilty plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than the district court rejecting the binding plea agreement or a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

24.     <u>Consequence of vacatur, reversal, or set-aside</u>: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask

the district court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

25.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

26.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

### XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

27.     Defendant understands that the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors. Defendant understands that the district court is not a party to this agreement and is only bound by the parties' stipulated offense level and the parties' sentencing recommendation.

28.    Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

29.    Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, the district court may ignore any sentencing recommendation, find facts or reach conclusions different from those agreed to by the parties, or impose any sentence up to the maximum established by statute, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that, if the district court rejects the plea agreement and defendant chooses not to withdraw defendant's guilty plea, no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

30.    The Defendant acknowledges that:

a.    Defendant read this agreement, and defendant understands its terms and conditions.

b.    Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.    Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that

might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

    f.  The representations contained in this agreement are true and correct, including the factual basis for defendant's offenses set forth in this agreement.

    g.  Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

  31.  Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

  32.  Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

  33.  Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

  34.  Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

///

///

///

# XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.


AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

CHRISTOPHER CHIOU
Acting United States Attorney

_____          4/19/21
                                           _____
ANDOLYN JOHNSON                            Date
Assistant United States Attorney


_____          April 10, 2021
                                           _____
BENJAMIN D. MORROW                         Date
Defendant


_____          4/15/21
                                           _____
MICHAEL BECKER                             Date
Attorney for Defendant Benjamin D. Morrow