UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

BENJAMIN D. MORROW,

Defendant.

Case No. 3:19-cr-00041-MMD-WGC
Related Case: 3:24-cv-00513-MMD

ORDER

## I. SUMMARY

Defendant Benjamin D. Morrow pled guilty to two counts of distribution of child pornography pursuant to binding plea agreement. (ECF No. 103, 118.) The Court accepted the binding plea and sentenced Morrow to 180 months on both counts to be served concurrently. (ECF Nos. 128, 129.) Before the Court is Morrow's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 144 ("Motion")[1].) For the reasons discussed herein, the Court denies the Motion.

## II. RELEVANT BACKGROUND

### A. Procedural History

On August 22, 2019, the grand jury returned an indictment, charging Morrow with eight counts: distribution of child pornography (counts 1 and 2), advertising of child pornography (count 3), receipt of child pornography (count 3), and possession of child pornography (counts 5 to 8). (ECF No. 1.) Morrow subsequently filed a motion to suppress evidence found at his residence, challenging the search warrant ("Warrant") and the

[1]Because Morrow filed the Motion pro se, the Court gave his subsequently appearing counsel leave to amend the Motion. (ECF No. 154.) Morrow's counsel responded that he had helped Morrow prepare the Motion and did not intend to amend the Motion. (ECF No. 155.) The government filed a response. (ECF No. 158.) Morrow filed a reply (ECF No. 167) and subsequently filed a notice of supplemental authority (ECF No. 170).

accompanying application which included the probable cause affidavit (collectively, "Affidavit"). (ECF No. 41 ("Suppression Motion").) The Court granted Morrow's request for a *Franks*[2] hearing (ECF No. 80), held the hearing (ECF No. 90 ("the Hearing")), and then denied the Suppression Motion (ECF No. 92 ("Order")).

Morrow subsequently pled guilty to the two counts of distribution of child pornography, reserving his right to appeal the Court's order denying the Suppression Motion. (ECF No. 103 at 18.) Morrow appealed the Order. (ECF No. 130.) The Ninth Circuit Court of Appeals affirmed. (ECF No. 135.)

The Motion asserts a single ground of ineffective assistance of counsel relating to the Warrant. Accordingly, the Court will summarize the proceedings relating to the Warrant and Suppression Motion.

### B. The Warrant and Suppression Motion[3]

The investigation that led to the indictment began in Ohio in April 2019, when federal agents interviewed a complaining witness Roxanne Treesh ("Treesh") about her report of contact by an individual, "UNSUB," via text message from email account 'jayd@secmail.pro'. Treesh reported that UNSUB sent unsolicited photographs of child pornography and requested photographs of the sexual abuse of her minor daughter. Investigators searched and reviewed text messages sent by UNSUB on Treesh's cell phone and discovered three images of a young female child being anally penetrated by a male.

Investigators then assumed the identity of Treesh, "OCE-7478", and began texting with UNSUB. On April 9, 2019, OCE-7478 asked UNSUB to chat on the messaging application Kik, and UNSUB provided his username, 'adventurej0hn.' OCE-7478 briefly spoke with UNSUB on Kik on April 9, 2019 and April 10, 2019. On April 11, 2019, OCE-7478 and UNSUB began messaging on Telegram. On April 12, 2019, UNSUB sent eight

---

[2]*Franks v. Delaware*, 438 U.S. 154 (1978).

[3]The following is taken from the Court's finding of facts and rulings on Morrow's arguments as described in the Order (ECF No. 92).

images of child pornography to OCE-7478 over Telegram.

On approximately April 16, 2019, investigators subpoenaed Kik for subscriber and Internet Protocol ("IP") address information for account 'adventurej0hn.' Kik provided subscriber information for 'adventurej0hn'—John C. and email address jayd@secmail.pro. Kik provided two IP addresses: 172.221.35.154 and 149.56.182.0. Investigators conducted an Arin.net search for the first IP address which was connected to Charter Communications, with the second IP address connecting to CactusVPN. On April 16, 2019, investigators served an emergency disclosure request on Charter for three dates: 04/10/2019 at 03:16:36 UTC, 04/10/2019 at 03:50:12 UTC, and 04/10/2019 at 03:16:36 UTC. Charter provided investigators with the subscriber information for Benjamin Morrow at 313 Appaloosa Way, Fernley, NV 89408 over the telephone.

On April 20, 2019, UNSUB messaged OCE-7478 on Telegram: "I am going to see my fuck toy for spring break." These messages prompted Ohio agents to contact FBI Special Agent Cassie Redig in Reno, Nevada, who in turn contacted Lyon County Sheriff Sergeant Ryan Powell. Investigators searched LSCO records which indicated that Morrow lived at 1361 Horse Creek Way and 313 Appaloosa Way. Federal agents and local county deputies conducted surveillance outside the residence in Fernley, Nevada where Morrow was ultimately located.

On April 20, 2019, Sergeant Powell drafted the Warrant and Affidavit and emailed them to Honorable Justice of the Peace Doug Kassebaum of the Walker River Justice Court in Lyon County, Nevada. Sergeant Powell then called Judge Kassebaum at 9:32 pm on April 20, 2019, and recorded the call over dispatch. Judge Kassebaum began the conversation by saying "you're good to go." Judge Kassebaum then swore in Sergeant Powell. Judge Kassebaum confirmed receipt of the email application and Warrant and granted the request for a nighttime search. Sergeant Powell inquired if he could sign the Warrant on behalf of Judge Kassebaum, who then gave oral permission for Sergeant Powell to do so. Sergeant Powell signed the Affidavit and Warrant on behalf of Judge Kassebaum at 9:35 pm.

The Warrant authorized law enforcement to search the premises at 313 Appaloosa Way, Fernley, Nevada, 89408 and Benjamin Morrow. The Warrant also authorized a search of specific computer and technological property. No child was found at the residence. Multiple devices were seized containing tens of thousands of images and videos of child pornography.

Morrow sought to suppress the evidence obtained under the Warrant, arguing that Sergeant Powell made material misrepresentations and omissions in the Affidavit to warrant suppression under *Franks.* (ECF No.46.) Following an evidentiary hearing, the Court found no evidence that Sergeant Powell made intentional misrepresentations and omissions as to the two issues identified—linkage of the three Unsub accounts and that a child was present with Unsub—and denied suppression.[4] (ECF No. 92 at 6-10.)

## III. DISCUSSION

Morrow asserts a single ground of ineffective assistance of trial and appellate counsel relating to the Warrant.[5] (ECF No. 144.) Morrow presented this ground in three subparts: "(1) failure to challenge facial validity of warrant, (2) failure to investigate/call computer forensic expert; and (3) failure to investigate/call document examiner." (*Id.* at 5.) Morrow raises three arguments under the first subpart as to trial counsel's deficient performance in failing to: (1) challenge the lack of probable cause by pointing to the absence of evidence connecting UNSUB to Morrow; (2) argue that the Warrant was overbroad; and (3) argue the absence of communication between Sergeant Powell and Agent Hunt for Powell to obtain knowledge about Hunt's investigation. (*Id.* at 10-11.) The

[4] The Court found: "While adding the omitted evidence and correcting the misleading statements might paint a slightly different picture of the urgency of the search—there is still enough probable cause to justify a search based on evidence of child pornography. Sergeant Powell included enough information in the Affidavit, untainted by these argued omissions and misleading statements, for the magistrate to find probable cause to issue the Warrant." (ECF No. 92 at 10.)

[5] While Morrow references ineffective assistance of appellate counsel, his Motion does not elaborate on appellate counsel's performance. Moreover, in entering into the binding plea agreement, Morrow agreed to waive all collateral challenges, "except non-waivable claims of ineffective assistance of counsel." (ECF No. 103 at 19.) The Court thus only considers arguments raised in the Motion as to ineffective assistance of trial counsel.

Court will address each argument in turn below. The Court will begin with the legal standard for mounting a collateral attack on a criminal conviction under 28 U.S.C. § 2255 by claiming ineffective assistance of trial counsel.

**A. Legal Standard**

"[T]he right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that: (1) counsel's performance was unreasonably deficient; and (2) that the deficient performance prejudiced the defense. *See Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (*citing Strickland,* 466 U.S. at 687). To establish ineffectiveness, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *See id.* To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Further, *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an objective standard of reasonableness, . . . under prevailing professional norms." *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (internal quotation marks and citations omitted). Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *See Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *See id.*

**B. Failure to Challenge Facial Validity of the Warrant**

As noted, Morrow advances three arguments. The Court finds trial counsel raised two of the arguments in the Suppression Motion, and moreover Morrow cannot satisfy *Strickland*'s prejudice prong.

**i. Failure to Argue Absence of Evidence Connecting Unsub to Morrow**

Morrow argues that trial counsel was deficient in failing to argue the lack of probable cause, particularly in connecting UNSUB to Morrow. (ECF No. 144 at 10.) However, this argument does not reflect the records. Trial counsel argued that Sergeant Powell included misleading conclusory statements in the Affidavit when referring to UNSUB as the person who sent all emails, texts, and communications such that there was insufficient information for Judge Kassebaum to draw a connection between the email, Kik, and Telegram accounts purportedly used by UNSUB. (ECF No. 46 at 19-23; ECF No. 64 at 8-15.) In fact, the government had countered that there was sufficient linkage to establish probable cause. (ECF No. 52 at 26-27.) More importantly, the Court found sufficient linkage[6] and that the Affidavit established probable cause.[7] (ECF No. 92 at 10.) Thus, even if trial counsel had raised the argument as Morrow now frames, the result would have been the same.

As for Morrow's contention that trial counsel's performance was deficient in failing to challenge the connection between UNSUB and Morrow, such argument does not accurately reflect the record nor can Morrow show prejudice. First and foremost, trial counsel did argue the Affidavit relied on submission of false and inaccurate information leading to Charter Communications providing information as to Morrow. In the Suppression Motion, trial counsel challenged the information provided to Charter, which

---

[6] As Morrow points out, the parties focused their arguments on whether UNSUB controlled all three accounts identified in the Affidavit. (ECF No. 144 at 10.) The Court found that there were "similarities and connections across all three accounts," including Unsub using "his jayd@secmail.pro account to message OCE-7478 his Kik username ('adventurej0hn')" and references to similar terms and phrases, "to indicate that the three accounts were controlled by the same person." (ECF No. 92 at 3, 6-7.) In addition, the Court found: "OCE-7478 asked UNSUB to chat on the messaging application Kik, and UNSUB [using his jayd@secmail.pro account] provided his username, 'adventurej0hn.'" (*Id.*)

[7]Probable cause, in the context of a search warrant, means a "'fair probability,' not certainty or even a preponderance of the evidence," that contraband or evidence is located in the location identified on the warrant. *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (citing *Illinois v. Gates,* 462 U.S. 213, 230, 246 (1983)).

as counsel insisted, “provides the essential linkage to defendant Morrow,” as false and misleading because of the failure to include time zones and other discrepancies as to a connection on 2019/04/11. (ECF No. 46 at 11-14.)

Moreover, the Court found the government showed a connection between UNSUB and Morrow through information Kik provided for Kik subscriber and IP address information for account ‘adventurej0hn’ which led to Charter Communications subscriber information for Benjamin Morrow at 313 Appaloosa Way in Fernley, Nevada. (ECF NO. 92 at 2-3.) As the government pointed out in response to the Suppression Motion, “[u]ltimately, the IP address [172.221.35.154] traced to Morrow’s name and address” and Morrow does not dispute this IP address traced back to his name and address. (ECF No. 52 at 18-19.) Thus, even if trial counsel had raised this argument, the Court would have rejected it given the IP address tracing to Morrow. Morrow cannot show trial counsel’s performance resulted in prejudice to satisfy *Strickland*.

**ii. Failure to Argue the Warrant was Overbroad**

Morrow argues that trial counsel’s performance was deficient in failing to object to the breath of the Warrant—“allowing for the seizure and search of Morrow’s home, including . . . computers, cellular telephones and personal digital assistance”—when the government failed to establish a connection between UNSUB and Morrow or that “he possessed additional child pornography.” (ECF No. 144 at 11.) Morrow acknowledges that trial counsel did challenge Sergeant Powell and federal agent’s “self-serving insistence that they believed a child was being abused in the Morrow residence” and that “[t]he Court rejected this argument.”[8] (*Id.* at 10-11.) As discussed above, the Court found the government showed a connection between UNSUB and Morrow. Moreover, in denying the Suppression Motion, the Court found the “probable cause to justify a search based on evidence of child pornography.” (ECF No. 92 at 10.) Trial counsel’s performance, even if deficient, did not result in prejudice to satisfy the second *Strickland*

[8]The Court found Morrow failed to show that Sergeant Powell included misleading statements or intentionally omitted material information regarding the presence of a child in the residence. (ECF No. 92 at 6-10.)

prong.

**iii. Failure to Argue Absence of Communication Between Sergeant Powell and FBI Agents**

The gist of Morrow's argument is trial counsel was deficient in failing to argue that Sergeant Powell could not include information obtained by FBI agents in Ohio and could not rely on hearsay information when he purported to be conducting his own investigation. (ECF No. 144 at 11.) But again, trial counsel did raise this argument in challenging the reliability of Sergeant Powell's sources of information contained in the Affidavit. In the Suppression Motion, trial counsel argued the Affidavit contained multilayer of hearsay information that are unreliable because Sergeant Powell failed to identify the source of the information. (ECF No. 46 at 20-22.) Trial counsel acknowledged that under well-established case law, "federal agent affiant's reliance on observations of other federal investigators" would be reasonable for search warrant application. (*Id.* at 21.) However, trial counsel argued that Sergeant Powell, as a Lyon County, Nevada law enforcement officer, could not have been considered as "fellow officers of the Government." (*Id.*) Thus, trial counsel's performance was not deficient because counsel did raise this argument. Moreover, Morrow cannot show the result would have been different to show prejudice.

**C. Failure to Retain Computer Forensic Expert**

Morrow argues that trial counsel's performance was deficient in failing to consult and call a computer forensic expert, citing the "technical nature of the arguments" resulting in a lack of "significant technical guidance for the Court." (ECF No. 144 at 11.) But the evidence that the Court considered in denying the Suppression Motion was not "technical in nature" such that a computer forensic expert was required. The Court found the government demonstrated a connection between the three accounts identified in the Affidavit and UNSUB based on similarities from the comparison of accounts and from common terms in the messages. (ECF No. 92 at 6-7.) The information did not involve computer forensics so an expert would not have provided relevant testimony. Accordingly, Morrow cannot demonstrate that trial counsel's decision not to call a computer forensic

expert to explain the evidence to the Court would have resulted in a different outcome to satisfy the second *Strickland* factor.

**D. Failure to Retain Forensic Document Examiner**

Morrow argues that trial counsel was deficient in failing to consult or retain a forensic document expert to challenge Powell's testimony that he signed the Affidavit and Warrant immediately after the telephone conversation with Judge Kassebaum, which would also demonstrate that Powell had lied under oath. (ECF No. 144 at 12.) As Morrow points out, trial counsel had argued that one of the deficiencies of the Warrant was the lack of oath or affirmation because the Warrant application and Affidavit were not signed before the Warrant was issued. (*Id.*; ECF No. 64 at 1-6; ECF No. 82 at 8-14.)

There was no dispute that Sergeant Powell had emailed the Warrant and Affidavit to Judge Kassebaum, and the Affidavit and Warrant application were not signed at the time. (ECF No. at 82 at 8.) Trial counsel argued this fact meant the Warrant failed to satisfy the Fourth Amendment's requirements. (*Id.*) However, the Court rejected this argument. The Court found the "Warrant and Affidavit were issued based on facts sworn under oath" during Sergeant Powell's call with Judge Kassebaum. (ECF No. at 10-11.) Thus, when Sergeant Powell signed these documents after that telephone call is irrelevant to the Court's finding that "Judge Kassebaum placed Sergeant Powell under oath at the beginning of the telephonic conference," Judge Kassebaum indicated he had reviewed the application (which included the Affidavit) and the Warrant that he received by email in advance and he gave Sergeant Powell permission to sign both documents on this behalf. (*Id.*)

Thus, trial counsel's decision not to call a forensic document expert to testify that the Affidavit and Warrant were signed after the telephone call or signed much later than the telephone call would not have affected the Court's findings. Morrow cannot demonstrate trial counsel's performance resulted in prejudice to satisfy the second *Strickland* prong.

///

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 144) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk of Court is directed to enter a separate judgment on the docket reflecting the fact that the Court denies Morrow's Motion.

DATED this 29th Day of October 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE